

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00031-CV

———————————————

VIRENDRA PATEL, PREMIER WEST HOSPITALITY CORP., ZEAL HOTELS GROUP LLC, THE COLONY HOSPITALITY CORP., AND HUNTLEY CONSTRUCTION, LLC, Appellants

V.

NATIONS RENOVATIONS, LLC, Appellee

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 17-6435-393

Before Kerr, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

The trial court granted Nations Renovations, LLC's motion to modify the court's judgment confirming an arbitration award. Petitioners Virendra Patel; Premier West Hospitality Corp.; Zeal Hotels Group LLC; The Colony Hospitality Corp.; and Huntley Construction, LLC filed this petition for permissive appeal seeking review of that order. We deny the petition.

On January 21, 2021, the trial court signed its "Order Granting Plaintiff's Motion to Modify, Correct, or Reform the Interlocutory Judgment Confirming Arbitration Award" and its separate "Modified Interlocutory Judgment for Confirmation of Final Arbitration Award." In its order granting the motion to modify, the trial court stated in relevant part,

> Therefore, the Court ORDERS that the April 5, 2020[1] Judgment for Confirmation of Final Arbitration Award be, and is hereby, vacated and replaced by the Modified Interlocutory Judgment for Confirmation of Final Arbitration Award entered contemporaneously with this order.

> The Court further ORDERS that any of the parties in this case may appeal this interlocutory order granting Plaintiff's Motion to Modify consistent with Section 51.014(d) of the Texas Civil Practice & Remedies Code because the question at issue involves a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of this litigation.

---

[1]According to documents filed with this court, before signing the January 21, 2021 modified judgment, the trial court had signed a January 14, 2021 modified judgment with the same title. The January 14 modified judgment recites that the judgment being modified was signed on April 5, 2019. Petitioners also assert that the original judgment was signed in 2019.

Texas Rule of Civil Procedure 168 requires an order granting permission for permissive appeal to (1) identify the controlling question of law as to which there is a substantial ground for difference of opinion, and (2) state why an immediate appeal may materially advance the ultimate termination of the litigation. Tex. R. Civ. P. 168; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d); Tex. R. App. P. 28.3(e)(4). The order here does neither. Although the order states that "the question at issue involves a controlling question of law," it does not identify the question. And while it says that "an immediate appeal from the order may materially advance the ultimate termination of this litigation," it does not state why. Accordingly, we deny the petition. *See Scarborough v. City of Houston*, No. 01-16-00302-CV, 2017 WL 117329, at *1 (Tex. App.—Houston [1st Dist.] Jan. 12, 2017, no pet.) (per curiam) (mem. op.); *Long v. State*, No. 03-12-00437-CV, 2012 WL 3055510, at *1 (Tex. App.—Austin July 25, 2012, no pet.) (mem. op.).

Per Curiam

Delivered:  March 4, 2021